FILED

SEP 14 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BLACK PEARL,

       Plaintiff,

                                      CV 09-592-PK

                                      FINDINGS AND

v.                                 RECOMMENDATION

JOHN M. WEID, JAMES F.
BERNATAWICZ, JOHN DOE 1-2,
and UNITED STATES OF
AMERICA,

       Defendants.

PAPAK, Magistrate Judge:

     Plaintiff Black Pearl filed this action against John M. Wied,[1] James F. Bernatawicz, and

two Doe defendants in the Clackamas County Circuit Court of the State of Oregon on April 28,

2009, alleging defendants' liability under Oregon law for fraudulent transfer, a claim

characterized as "theft against property," and conspiracy to defraud.  Bernatawicz removed the

action to this court pursuant to 28 U.S.C. § 1442(a)(1) on May 29, 2009, on the ground that he is

an officer of a United States agency being sued for actions taken under color of his office.  On

---

     [1] It appears that Wied's name is misspelled in the case caption.

July 7, 2009, Bernatawicz filed a notice of substitution under 28 U.S.C. § 2679(d)(2) according to the terms of which the United States purported to substitute itself for Bernatawicz and replace him as the sole federal governmental defendant in this action.

Now before the court are the United States' motion (#10) to dismiss for lack of both subject-matter and personal jurisdiction and Wied's motion (#12) to dismiss for lack of personal jurisdiction. In connection with its motion, the United States argues that Black Pearl lacks subject-matter jurisdiction to bring its claims against the government both because Black Pearl has not complied with the procedural requirements set forth in Federal Civil Procedure Rule 4(i) for effectuating service of process on an officer of the United States and because Black Pearl has not met its burden to establish any waiver of sovereign immunity applicable to the claims it raises. In addition, both the United States and Wied argue that Black Pearl's claims must be dismissed for lack of personal jurisdiction because Black Pearl is a corporate entity appearing before the court in the person of a non-attorney representative. Black Pearl has filed no response in opposition to either defendant's motion to dismiss.

I have considered the parties' motions and all of the pleadings on file. For the reasons set forth below, Wied's motion (#12) should be granted and the United States' motion (#10) should be granted as to the argument that the court lacks personal jurisdiction over Black Pearl's claims and denied as moot as to the argument that the court lacks subject-matter jurisdiction over the claims alleged against the governmental defendant, with leave to refile in the event Black Pearl refiles its complaint with the signature of an attorney representative.

Page 2 - FINDINGS AND RECOMMENDATION

## LEGAL STANDARDS

### I.  Motion to Dismiss for Lack of Personal Jurisdiction

"It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant."
*Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).  To survive a motion for dismissal for
lack of personal jurisdiction where, as here, the court does not hold an evidentiary hearing, a
plaintiff need only make a *prima facie* showing of personal jurisdiction.  *See, e.g., AT&T v.*
*Compagnie Bruxelles Lambert*, 94 F.3d 586, 589 (9th Cir. 1996), *quoting Fields v. Sedgwick*
*Assoc. Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986).  "In determining whether [a plaintiff] has
met this burden, uncontroverted allegations in [the] complaint must be taken as true, and
conflicts between the facts contained in the parties' affidavits[, if any,] must be resolved in [the
plaintiff's] favor. . . ."  *Id.*

### II.  Motion to Dismiss for Lack of Subject-Matter Jurisdiction

The federal courts are courts of limited jurisdiction.  *See, e.g., Exxon Mobil Corp. v.*
*Allapattah Servs.*, 545 U.S. 546, 552 (2005), *citing Kokkonen v. Guardian Life Ins. Co. of*
*America*, 511 U.S. 375, 377 (1994).  As such, the courts presume that causes of action "lie[]
outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party
asserting jurisdiction."  *Kokkonen*, 511 U.S. at 377; *see also, e.g., Vacek v. United States Postal*
*Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

A motion under Federal Civil Procedure Rule 12(b)(1) to dismiss for lack of subject-
matter jurisdiction may be either "facial" or "factual."  *See Safe Air v. Meyer*, 373 F.3d 1035,
1039 (9th Cir. 2004), *citing White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  In a facial attack
on subject-matter jurisdiction, the moving party asserts that a plaintiff's allegations are

insufficient on their face to invoke federal jurisdiction, whereas in a factual attack, the moving

party disputes the factual allegations that, if true, would give rise to subject-matter jurisdiction.

Where a defendant raises a facial challenge to subject-matter jurisdiction, the factual allegations

of the complaint are presumed to be true, and the motion may be granted only if the plaintiff fails

to allege an element necessary for subject matter jurisdiction. *See Savage v. Glendale Union*

*High Sch.*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). By contrast, where a defendant raises a

factual challenge to federal jurisdiction, "the district court may review evidence beyond the

complaint without converting the motion to dismiss into a motion for summary judgment," *Safe*

*Air v. Meyer*, 373 F.3d at 1039, *citing Savage*, 343 F.3d at 1039 n.2, and "need not presume the

truthfulness of the plaintiff's allegations," *id.*, *citing White*, 227 F.3d at 1242.

"Defective allegations of jurisdiction may be amended, upon terms, in trial or appellate

courts." 28 U.S.C. § 1653. It is improper to dismiss an action based on a defective allegation of

jurisdiction without leave to amend "unless it is clear, upon de novo review, that the complaint

could not be saved by amendment." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n.6 (9th Cir.

2002), *citing Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001).

## FACTUAL BACKGROUND

### I.    Plaintiff's Allegations

Black Pearl alleges that it is a charitable trust doing business in Oregon. I take judicial

notice that the Washington Secretary of State has recorded "Black Pearl" as the name of a

nonprofit corporation organized under the laws of the State of Washington, with Jeffrey W.

Strong serving as its sole officer. I further take judicial notice that, according to the Washington

Secretary of State, Black Pearl was incorporated on April 15, 2009, that Black Pearl lacks any

registered agent, and that it shares an address with Jeffrey W. Strong.

Black Pearl also alleges that, on April 23, 2007 (almost two years prior to its date of incorporation), it acquired real property located at 3680 Fir Grove Lane in Wilsonville, OR (the "property"). It further alleges that on October 10, 2008, with the cooperation and assistance of Bernatawicz, defendant Weid purported to purchase the property at auction from Terrie Oldham, who was not at that time the owner of the property. It further alleges that Bernatawicz and Weid were aware at the time Weid purported to purchase the property that Black Pearl owned the property free of any liens or other encumbrances.

Black Pearl's complaint is signed by Jeffrey W. Strong, identified as Black Pearl's "Attorney-in-Fact." The complaint does not include an Oregon or other state's bar identification number for Strong. I take judicial notice that Strong is not listed as a member of either the Oregon State Bar or the Washington State Bar Association.

## II.    Evidence Offered by the United States

In connection with its factual challenge to this court's subject matter jurisdiction over the claims against it, the United States offers evidence to establish that Bernatawicz was at all material times an Advisory Group Manager for the Internal Revenue Service, and that all of his complained-of conduct took place in the course of his official employment duties.

## ANALYSIS

## I.    Personal Jurisdiction

Both defendants argue that Black Pearl's pleading is fatally defective for having been signed by a *pro se* individual litigant rather than by an attorney, and therefore ineffective to bring Black Pearl's claims within the court's personal jurisdiction. 28 U.S.C. § 1654 provides that

Page 5 - FINDINGS AND RECOMMENDATION

"parties may plead and conduct their own cases personally or by counsel. . . ." The courts have uniformly construed Section 1654 to permit only *individual* litigants to appear *in propria persona*, and, in consequence, do not permit corporate entities to appear other than through a licensed attorney representative. *See, e.g., United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969) and cases cited therein; *see also, e.g., Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966); L.R. 83.9(b) ("Unless otherwise specifically provided by law or Court order, a corporation may appear or act only through an attorney").

Moreover, Federal Civil Procedure Rule 11(a) provides, in relevant part, that "[e]very pleading. . . must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* Black Pearl's complaint is not signed by an attorney of record, and this defect has unequivocally been brought to Black Pearl's attention by means of the parties' motions. Black Pearl has failed to correct the defect and, indeed, has failed to respond in any manner to the parties' motions. In consequence, Black Pearl has not filed a cognizable pleading and has not subjected itself to this court's personal jurisdiction. Black Pearl's complaint should therefore be stricken, with leave to refile either upon court order pursuant to Local Rule 83.9(b) or after obtaining properly licensed legal representation, and the action dismissed without prejudice.

## II.    Subject-Matter Jurisdiction

While it is unnecessary, in light of the analysis set forth above, to consider the merits of

the United States' motion to dismiss for lack of subject-matter jurisdiction, it is worth noting[2] that the United States' factual challenge to subject-matter jurisdiction appears to be well taken. The courts lack subject-matter jurisdiction over claims against the United States where the government has not consented to suit on such a claim. *See, e.g., Balser v. DOJ*, 327 F.3d 903, 907 (9th Cir. 2003), *citing McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988). Consent to suit, or waiver of sovereign immunity, "cannot be implied, . . . must be unequivocally expressed [and] is to be strictly construed. . . in favor of the sovereign." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007) (citations omitted). It is, as noted above, the plaintiff's burden to assert grounds sufficient to rebut the default presumption that subject-matter jurisdiction is unavailable. *See Kokkonen*, 511 U.S. at 377; *Vacek*, 447 F.3d at 1250.

Black Pearl's purported pleading is entirely silent as to the sovereign immunity issue, and as Black Pearl has filed no opposition to the United States' motion to dismiss, it has not otherwise asserted the existence of any applicable waiver. In consequence, Black Pearl's allegations would be insufficient to meet its burden to establish this court's subject-matter jurisdiction over its claims against the government.[3] This court would therefore likely lack jurisdiction to consider Black Pearl's claims against the United States (and/or against

---

[2] Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

[3] Furthermore, in light of clear and long-standing jurisprudence establishing that the United States has not waived its sovereign immunity in connection with actions against agents of the I.R.S. acting in their official capacity, *see, e.g., Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985), and that actions seeking to enjoin tax-collection activity are barred by the Anti-Injunction Act, *see, e.g., Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990), it appears highly unlikely that the defect in Black Pearl's pleading could be cured by amendment.

Page 7 - FINDINGS AND RECOMMENDATION

Bernatawicz, *see, e.g., Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001)) even if Black

Pearl were represented by an attorney.  Moreover, because the court would lack subject-matter

jurisdiction over the claims against the governmental defendant(s), and because those claims

would constitute the sole ground for asserting federal jurisdiction over Black Pearl's action, the

court would lack discretion to exercise supplemental jurisdiction over the claims against Wied

and the Doe defendants.  *See Skysign Int'l, Inc. v. City and County of Honolulu*, 276 F.3d 1109,

1118 n.7 (9th Cir. 2002) (where a court lacks subject-matter jurisdiction over federal claims, it

lacks discretion to exercise supplemental jurisdiction over state-law claims); *Brady v. Brown*, 51

F.3d 810, 816 (9th Cir. 1995) (where a federal claim is found to be insufficiently substantial to

confer federal jurisdiction, the court is divested of supplemental jurisdiction over remaining

state-law claims).

## CONCLUSION

For the reasons set forth above, I recommend that Wied's motion (#12) be granted, the

United States' motion (#10) be granted as to the argument that the court lacks personal

jurisdiction over Black Pearl's claims and otherwise denied as moot with leave to refile as set

forth above, and the action dismissed without prejudice.  In the event Black Pearl does not file a

complaint compliant with the legal principles analyzed above within thirty days following the

date the court's order issues, a final judgment should be prepared.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any,

are due September 28, 2009.  If no objections are filed, then the Findings and Recommendation

will go under advisement on that date.

Page 8 - FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due within 10 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.


Dated this 14th day of September, 2009.

Honorable Paul Papak
United States Magistrate Judge